Amber L. Guymon
Law Office of Amber L. Guymon, Esq.
3317 South Higley Road
Suite 114-246
Gilbert, Arizona 85297
480-721-8772 Phone
866-593-6928 Fax
amber@guymonlaw.com
State Bar No. 027327

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| **In re:** | **In Proceeding Under Chapter 13** |
| **JEROME V. GREEN,** | **Case No.: 2:10-bk-16202** |
| | **Adv. No.: 2:10-ap-** |
| **Debtors.** | |
| **JEROME V. GREEN,**<br>**Plaintiffs,**<br>**v.**<br>**THE BANK OF NEW YORK MELLON FORMERLY KNOWN AS THE BANK OF NEW YOR AS SUCCESSOR TRUSTEE TO JPMORGAN CHASE BANK, its successors and/or assigns,**<br>**and**<br>**EMC MORTGAGE, its successors and/or assigns,**<br>**Defendants.** | **COMPLAINT TO DETERMINE THE VALIDITY, PRIORITY OR EXTENT OF A LIEN OR OTHER INTEREST IN PROPERTY** |

COMES NOW, the Plaintiff, Jerome Green, by and through undersigned Counsel, and hereby states for his Complaint as follows:

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334; 11 U.S.C. § 506(a) and (d), and Rule 7001 et. Seq. Rules of Bankruptcy Procedure.

2. This matter, a complaint to determine the extent, validity, and prior of liens, is a core matter under 28 U.S.C. §§ 157(b)(2)(B) and 157(b)(2)(K).

3. Venue is proper pursuant to 28 U.S.C. § 1409.

4. Plaintiff ("Green") resides in Maricopa County, Arizona and is the Debtor in the above-captioned Chapter 13 proceeding.

5. Defendant One, Bank of New York Mellon ("Bank of NY"), formerly JPMorgan Chase Bank, upon information and belief, is licensed to do, write and make residential mortgage loans in the state of Arizona.

6. Defendant Two, EMC Mortgage ("EMC"), upon information and belief, is licensed to do, write and make residential mortgage loans in the State of Arizona.

7. Green filed a Chapter 13 Voluntary Petition on May 25, 2010 in the District of Arizona, Case No. 2:10-BK-16202-CGC.

8. Green, at the time of the filing of his case, was the owner of investment real property located at 412 E. Pecan Road, Phoenix, Arizona 85050 (the "Property").

9. Green believes that the Property is worth $32,000 based on an appraisal dated April 30, 2010. A copy of the appraisal is attached as Exhibit "A".

10. The Property is subject to first and second mortgage liens. On or about December 1, 2005, the Plaintiff entered into a contract in favor of the original lender (later assigned to EMC Mortgage) for $97,600. Green's contract was divided into first and second mortgages (80/20 or $78,000 and $19,600) for logistics purposes. However, the entire amount of the loan, though originally divided, was meant for securing the Property. Debtor received no monies from the transaction and the full amount was dispersed to the seller.

11. Copies of the Proofs of Claim are attached as Exhibit "B". Upon information and belief, Bank of NY and EMC Mortgage are now the holders of the Notes that are secured by the Deed of Trust and are the real parties in interest.

The Bank of NY filed a proof of claim in the amount of $78,000 on September 2, 2010 and EMC Mortgage filed a proof of claim in the amount of $19,600 on June 28, 2010.

12. Green asserts that the first and second mortgages combined constitute a first mortgage. Both amounts were utilized to secure the Property and were combined on the same date to purchase the Property. Plaintiff received no cash from the transaction. The full amount was paid to the seller of the property. Lender represented to Plaintiff that the loan structure of 80/20 was designed to help him qualify for the loan. Thus the fundamental nature of the 80/20 loan was that of a first mortgage.

13. Green further asserts that he is entitled to the cram down protection of 11 U.S.C. § 506 and 11 U.S.C. §1325(a)(5)(B).

14. Green asserts that after exercising the §1325(a)(5)(B) "cram down" option, the appraisal value of $32,000 as previously stated is the cost the Debtor would incur to obtain a like asset for the same or proposed use.

15. Green further asserts that given the market, the secured creditor could obtain no more through a foreclosure sale of said Property than the appraisal value of $32,000. Therefore, the Defendants are provided adequate protection.

16. Pursuant to 11 U.S.C. § 1325(a)(5)(B), a debtor can invoke the cram down option so long as they provide payments to the creditor, over the life of their Chapter 13 Plan, that will total the present value of the Property. Here, Green proposes to complete the actions called for under the cram down provision. Specifically, Green's Chapter 13 Plan provides for payment of the entire appraised value of $32,000 to be paid in full at the end of his five year plan.

Green asserts that pursuant to 11 U.S.C. §§1325(a)(5)(B), 506, and current case law, Defendants' claims are limited to the Property's secured value of $32,000. The remainder amounts owed to the Defendants are wholly and totally unsecured. The unsecured portions of the liens against Debtor's Property are void.

17. Green asserts that he filed his Petition in good faith and alleges that he will be able to make all payments under and comply with the Chapter 13 Plan.

18. The value of the Property is $32,000. Accordingly, the remainder of the monies owed to the Defendants on Green's investment property are wholly unsecured.

19. Upon information and belief, Defendants deny the allegations in Paragraph XVIII, *supra.*

**WHEREFORE,** Green prays that this Court finds in favor of the Plaintiff and Order the following:

a. Finding that the First and Second Notes alleged herein be crammed down to the Property's secured value and paid out according to Green's Chapter 13 Plan;

b. The Defendants shall be entitled to the appraised value of the property at $32,000;

c. The Defendants are provided adequate protection under Debtor's Chapter 13 Plan;

d. The Defendants shall release any and all claims related to the property beyond said $32,000;

e. The Defendants shall record a deed of release and re-conveyance of their interest in the Property with respect to the deed of trust recorded upon entry of any discharge order and deliver the same to Green within twenty (20) days from the date of the entry of the discharge order at no charge or fee;

f. That each party bear their own costs in relation to this action; and

g. Award any additional relief that the Court deems justified and appropriate.

RESPECTFULLY SUBMITTED, this 8th day of November, 2010.

/s/ Amber L. Guymon
Amber L. Guymon, Esq.
Attorney for the Plaintiff/Debtor

**SERVICE LIST**

Copy of the following sent by US mail this 8th day of November, 2010 to:

Rachel A. DaPena
PITE DUNCAN LLP
4375 Jutland Drive
Suite 200
San Diego, CA 92177-0933
Attorney for Defendant,
Bank of New York Mellon

Mark S. Bosco
TIFFANY & BOSCO
2525 E. Camelback Road
Third Floor
Phoenix, Arizona 85016
Attorney for Defendant,
EMC Mortgage

Russell Brown
3838 North Central Avenue
Suite 800
Phoenix, Arizona 85012-1965
Trustee

Jerome V. Green
4716 W. Maldonado Road
Laveen, Arizona 85339
Defendant

Amber L. Guymon
Law Office of Amber L. Guymon, Esq.
3317 South Higley Road
Suite 114-246
Gilbert, Arizona 85297
480-721-8772 Phone
866-593-6928 Fax
amber@guymonlaw.com
State Bar No. 027327

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| **In re:**<br><br>**JEROME V. GREEN,**<br><br>**Debtors.** | **In Proceeding Under Chapter 13**<br><br>**Case No.: 2:10-bk-16202**<br><br>**Adv. No.: 2:10-ap-**<br><br>**AFFIDAVIT OF SERVICE** |
| **JEROME V. GREEN,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**THE BANK OF NEW YORK MELLON FORMERLY KNOWN AS THE BANK OF NEW YOR AS SUCCESSOR TRUSTEE TO JPMORGAN CHASE BANK, its successors and/or assigns,**<br><br>**and**<br><br>**EMC MORTGAGE, its successors and/or assigns,**<br><br>**Defendants.** | |

// //

// //

State of Arizona )
) ss.
Maricopa County )

I, Leighann Pack, from my own personal knowledge state:

1. I am not less than eighteen (18) years of age.

2. I am not a party to the above-captioned matter.

3. On November 8, 2010, I caused the summons and a copy of the complaint in the above-captioned matter to be served via certified mail, postage pre-paid on the following:

Kyle Shelton, Esq.
PITE DUNCAN, LLP
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933

DATED: November 8, 2010

**LAW OFFICE OF AMBER L. GUYMON, PLLC**

Leighann Pack
633 E. Ray Road
Suite 134
Gilbert, Arizona 85296

Subscribed and Sworn to before me this 8th day of November, 2010, by Leighann Pack.

OFFICIAL SEAL
AMBER GUYMON
NOTARY PUBLIC - State of Arizona
MARICOPA COUNTY
My Comm. Expires April 27, 2014

Amber L. Guymon
*Notary Public*

Amber L. Guymon
Law Office of Amber L. Guymon, Esq.
3317 South Higley Road
Suite 114-246
Gilbert, Arizona 85297
480-721-8772 Phone
866-593-6928 Fax
amber@guymonlaw.com
State Bar No. 027327

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **In re:**<br><br>**JEROME V. GREEN,**<br><br>**Debtors.** | **In Proceeding Under Chapter 13**<br><br>**Case No.: 2:10-bk-16202**<br><br>**Adv. No.: 2:10-ap-**<br><br>**AFFIDAVIT OF SERVICE** |
| **JEROME V. GREEN,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**THE BANK OF NEW YORK MELLON FORMERLY KNOWN AS THE BANK OF NEW YOR AS SUCCESSOR TRUSTEE TO JPMORGAN CHASE BANK, its successors and/or assigns,**<br><br>**and**<br><br>**EMC MORTGAGE, its successors and/or assigns,**<br><br>**Defendants.** | |

// //

// //

State of Arizona )
) ss.
Maricopa County )

I, Leighann Pack, from my own personal knowledge state:

1. I am not less than eighteen (18) years of age.

2. I am not a party to the above-captioned matter.

3. On November 8, 2010, I caused the summons and a copy of the complaint in the above-captioned matter to be served via certified mail, postage pre-paid on the following:

Mark Bosco, Esq.
TIFFANY & BOSCO
2525 E. Camelback Road
Third Floor
Phoenix, Arizona 85016

DATED: November 8, 2010

**LAW OFFICE OF AMBER L. GUYMON, PLLC**

Leighann Pack
633 E. Ray Road
Suite 134
Gilbert, Arizona 85296

Subscribed and Sworn to before me this 8th day of November, 2010, by Leighann Pack.

OFFICIAL SEAL
AMBER GUYMON
NOTARY PUBLIC - State of Arizona
MARICOPA COUNTY
My Comm. Expires April 27, 2014

Amber L. Guymon
*Notary Public*